JULIA EASTWOOD & another *vs.* JOHN J. HAYES.

Suffolk.     April 6, 1934. — May 26, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Deed*, Recording.   *Trust*, Construction of instrument creating trust, Termination.

An instrument executed by a landowner contained a provision whereby he constituted himself trustee of the land for the benefit of a woman during her lifetime; a provision that the trust "may be terminated during the life of . . . [the woman] upon her written request, in which event the trust property shall at once be deeded to . . . [her] by me . . . free and discharged from said trust or from any interest of the remaindermen hereafter named"; and a grant of the remainder in the land to third persons subject to the contingency of the trust's being so terminated. Many years thereafter the woman signed a statement written on the instrument at that time that, in accordance with the provision above quoted, she "request[s] that said trust may be terminated and hereby is terminated," and requested the trustee to "reconvey the trust property" to her free of trust. Such statement was not acknowledged nor recorded. The instrument thereupon was delivered to the trustee, who gave to the woman a deed of the land containing a statement that it was "given in accordance with the terms of a written request made to me by this grantee under power

of" the provision above quoted. The woman subsequently died. The remaindermen named in the instrument thereafter claimed title to the land, contending that the request signed by the woman was invalid and that the trust had not been terminated thereby. *Held*, that

(1) The request in writing signed by the woman was not invalid in that it was not acknowledged nor recorded; such a request was not intended to be a deed, and no provision of the instrument or of G. L. (Ter. Ed.) c. 183, required that it be acknowledged or recorded;

(2) The request was not an instrument of defeasance within the meaning of § 53 of said c. 183, and the claim of the remaindermen was not aided by § 53;

(3) The request was effectual to terminate the trust;

(4) The remaindermen had no title to the land.

WRIT OF ENTRY. Writ dated September 12, 1933.

The case was heard in the Land Court by *Davis*, J. Material facts are stated in the opinion. The judge ruled that the demandants did not show title or right of possession to the demanded premises, and ordered judgment entered for the tenant. The demandants appealed.

*J. J. Butler*, for the demandants.

*J. M. Cunningham*, (*J. J. Curran* with him,) for the tenant.

RUGG, C.J. This is a writ of entry. The relevant facts are that in 1913 Priscilla M. Smith, being then the owner of the demanded premises, executed an instrument, which was duly recorded, entitled "Deed and Declaration of Trust," wherein she declared among other matters that she held the title in trust for the benefit of Mary A. Boothby during the term of her life. The third clause, so far as material, was in these words: "This trust may be terminated during the life of the said Mary A. Boothby upon her written request, in which event the trust property shall at once be deeded to said Mary A. Boothby by me or my successor free and discharged from said trust or from any interest of the remaindermen hereafter named, and in the event of my death, incapacity, or resignation, during her lifetime said Mary A. Boothby shall have the power to name a successor trustee." The fourth clause contained power to the trustee to sell, mortgage or lease the property on the written assent of Mary A. Boothby, a power which has not been exercised and is not here material. Then follows this clause: "and I hereby

give, grant and convey to Julia Eastwood, of Needham, County of Norfolk, said Commonwealth, and Margaret Bradford of said Boston [the present demandants], the remainder in fee in the above described estate to them and their heirs and assigns forever, subject only to that contingency of the terminating of this trust and of the re-vesting of the title to the entire trust property in said Mary A. Boothby upon her written request, as above provided in paragraph third hereof, and to said power of disposal set forth in paragraph fourth hereof"; *habendum* "to me as trustee as aforesaid for the life of said Mary A. Boothby with remainder in fee to the above named Julia Eastwood and Margaret Bradford, their heirs and assigns forever."

Priscilla M. Smith died in 1915. In 1922, an instrument was executed by Mary A. Boothby in conformity to clause third of the trust instrument appointing Josephine M. Haberstroh trustee in succession to Priscilla M. Smith. This was duly recorded. The original trust instrument was delivered to Mrs. Haberstroh. In May, 1931, Mary A. Boothby gave instructions to an attorney at law to draw a deed reconveying the premises to her. Thereupon the attorney wrote at the end of the original trust instrument the following: "May 13, 1931 I, Mary A. Boothby of Boston, Massachusetts in accordance with the provisions of the third paragraph of the within deed and declaration of trust . . . hereby request that said trust may be terminated and hereby is terminated and I hereby request Josephine M. Haberstroh the present trustee to reconvey the trust property to me the said Mary A. Boothby free and discharged of said trust." This request was then signed by Mrs. Boothby in the presence of both Mrs. Haberstroh and the attorney, and was witnessed by the latter. The original trust instrument was then delivered to Mrs. Haberstroh by the attorney. Into the deed of conveyance from Mrs. Haberstroh to Mrs. Boothby was written this: "and I the said trustee declare that this deed is given in accordance with the terms of a written request made to me by this grantee under power of paragraph 3 of said trust." Mrs. Boothby died in 1933. The administrators of her

estate petitioned for license to sell the premises in question. The demandants opposed this petition; it was granted and the demanded premises were sold to the tenant, who is now in possession. Later Mrs. Haberstroh found the original trust instrument with the written request thereon. She then executed under oath and acknowledged a certificate that her reconveyance was made in consequence of a written request to her as trustee for the termination of said trust and for said reconveyance, the original request being attached to said certificate. This certificate was then annexed to the original trust instrument and the certificate and written request were thereupon recorded on July 13, 1933.

The judge of the Land Court found that the written request by Mrs. Boothby and the conveyance to her by Mrs. Haberstroh were both made in strict accordance with the terms of the original trust instrument. This finding was amply warranted by the evidence recited in his decision and must be accepted as true.

The contention of the demandants in substance is that they are purchasers for value and acquired under the original trust instrument title in fee in remainder of the demanded premises after an estate for life in Mary A. Boothby, that before her death there was no valid written request terminating the trust and that the trust was not thus terminated, and that the written request not being entitled to record did not divest the demandants of their title. Requests embodying these contentions were denied by the judge of the Land Court.

The trust instrument contains no requirement to the effect that the request of Mary A. Boothby must be acknowledged or recorded. Its only provision is that the request must be in writing and that upon such request the property shall be deeded to Mary A. Boothby. The request manifestly was not intended by the parties to be a deed. It simply was an essential act preliminary to authority to execute the deed. There is no provision in G. L. (Ter. Ed.) c. 183 (which relates to the alienation of land and registration of deeds) requiring the record of such an instrument as

the request here in question. It was said by Chief Justice Shaw in *Valentine* v. *Piper*, 22 Pick. 85, 91: "The object of registration . . . is not so much to furnish or preserve evidence of title, as to give notice of the alienation and transmission of estates, and of incumbrances and liens upon them." It was held in that case that a power of attorney to convey real estate did not come within the provisions of the recording statute, and that a deed executed pursuant to an unrecorded power of attorney was valid. Although that has since been changed, see now G. L. (Ter. Ed.) c. 183, § 32, the principle of that decision governs the case at bar. The terms of G. L. (Ter. Ed.) c. 183, § 53, are inapplicable. It there is provided in effect that if a deed contains "an absolute conveyance of land, but is made defeasible by a deed, bond or other instrument, the original deed shall not be thereby affected, as against any person other than the maker of the instrument of defeasance and his heirs and devisees and persons having actual notice of it, unless such instrument is recorded . . . ." The request manifestly was not an instrument of defeasance. It was executed or delivered not contemporaneously with the original instrument of trust but long afterwards. It was not a part of that transaction. *Harrison* v. *Trustees of Phillips Academy*, 12 Mass. 455, 463. *Bayley* v. *Bailey*, 5 Gray, 505, 509–510. *Marden* v. *Babcock*, 2 Met. 99, 103. It has none of the attributes of an instrument of defeasance. *Shaw* v. *Erskine*, 43 Maine, 371, 373. As was rightly pointed out by the trial judge, under the recording system "many essentials to the validity of a title are not of record." The written request in the case at bar falls in that class.

*Judgment for tenant affirmed.*